# EXHIBIT D

```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF NEW YORK


In re:                                  :
                                          Docket #1:19-mj-08641-
 UNITED STATES OF AMERICA,              : UA All Defendants

                         Plaintiff,     :

   - against -                          :

 Liu, Zhongsan                          : New York, New York
                                          September 16, 2019
                         Defendant.     :
                                          PRESENTMENT HEARING
------------------------------------ :


                     PROCEEDINGS BEFORE
            THE HONORABLE JUDGE ONA T. WANG,
         UNITED STATES DISTRICT COURT MAGISTRATE JUDGE

APPEARANCES:

For Plaintiff:          U.S. Attorney's Office, SDNY
                        By:  Gillian Grossman, Esq.
                        1 St. Andrew's Plaza
                        New York, NY 10007
                        212-637-2188

For the Defendant:      Federal Defenders of New York Inc.
                        By:  Martin S. Cohen, Esq.
                        52 Duane Street - 10th Floor
                        New York, NY 10007
                        212-417-873

Transcription Service:  Carole Ludwig, Transcription Services
                        141 East Third Street #3E
                        New York, New York 10009
                        Phone:  (212) 420-0771


Interpreter Present


Proceedings recorded by electronic sound recording;
Transcript produced by transcription service
```

**INDEX**

**E X A M I N A T I O N S**

| Witness | Direct | Cross | Re-Direct | Re-Cross |
|---------|--------|-------|-----------|----------|
| None | | | | |

**E X H I B I T S**

| Exhibit Number | Description | ID | In | Voir Dire |
|----------------|-------------|-----|-----|-----------|
| None | | | | |

```
 1                        PROCEEDINGS                    3

 2              HONORABLE ONA WANG (THE COURT):   Good

 3    afternoon -- or good evening, almost.

 4              MR. MARTIN COHEN:  Good afternoon, your Honor.

 5    Martin Cohen from the Federal Defenders on behalf of

 6    Mr. Liu.

 7              THE COURT:  Okay.  Good evening.

 8              Good evening, Mr. Liu.  Mr. Liu, are you able to

 9    speak and understand English?

10              [Colloquy through interpreter]

11              MR. ZHONGSAN LIU (THE DEFENDANT):  No.

12              THE COURT:  Okay.  Please be seated.  You can

13    stay seated.

14              All right, are you able to hear and understand

15    what the interpreter is telling you?

16              THE DEFENDANT:  Yes.

17              THE COURT:  Okay, can I have the date and time of

18    arrest, please?

19              MS. GILLIAN GROSSMAN:  Yes, your Honor.  The

20    defendant was arrested at 6:21 AM this morning in Fort Lee,

21    New Jersey.

22              THE COURT:  All right.  I am Judge Wang.  You are

23    here because you are charged with certain crimes by a

24    complaint supported by an affidavit.  Do you have a copy of

25    the complaints?
```

| | |
|---|---|
| 1 | PROCEEDINGS 4 |
| 2 | THE DEFENDANT: No. |
| 3 | THE COURT: Okay. The purpose of today's |
| 4 | proceeding is to advise you of certain rights that you |
| 5 | have, inform you of the charges against you, consider |
| 6 | whether counsel should be appointed for you, and decide |
| 7 | under what conditions, if any, you shall be released |
| 8 | pending trial. |
| 9 | I'm now going to explain certain constitutional |
| 10 | rights that you have. You have the right to remain silent. |
| 11 | You are not required to make any statements. Even if you |
| 12 | have already made statements to the authorities, you do not |
| 13 | need to make any further statements. Any statements that |
| 14 | you do make can be used against you. You have the right to |
| 15 | be released, either conditionally or unconditionally, |
| 16 | pending trial unless I find that there are no conditions |
| 17 | that would reasonably assure your presence at future court |
| 18 | appearances and the safety of the community. |
| 19 | If you are not a United States citizen, you have |
| 20 | the right to request that a government attorney or a law |
| 21 | enforcement official notify a consular officer from your |
| 22 | country of origin that you've been arrested. In some |
| 23 | cases, a treaty or other agreement may require the United |
| 24 | States government to give that notice whether you request |
| 25 | it or not. |

```
 1                          PROCEEDINGS                    5

 2          You have the right to be represented by an

 3  attorney during all court proceedings including this one

 4  and during all questioning by the authorities.

 5          You have the right to hire your own attorney.  If

 6  you cannot afford an attorney, I will appoint one today to

 7  represent you.

 8          Do you understand your rights as I've just

 9  explained them?

10          THE DEFENDANT:  Yes.

11          THE COURT:  I understand that you wish for me to

12  appoint counsel.  And I have before me an Affidavit of

13  Financial Condition that you have signed under penalty of

14  perjury.  Did you complete that form with the assistance of

15  Mr. Cohen today?

16          THE DEFENDANT:  Yes.

17          THE COURT:  Please be aware that you can be

18  charged with perjury for any false statements in this

19  affidavit.  Also, you must tell the Court if there is any

20  change to your financial status.

21          Please raise your right hand.

22          Do you swear or affirm that the statements made on

23  your financial affidavit are true and correct?

24          THE DEFENDANT:  Yes.

25          THE COURT:  Okay, based on the statements you
```

PROCEEDINGS                                    6

1

2   have made on your financial affidavit, I am approving the

3   appointment of counsel.  Mr. Cohen will serve as your

4   appointed counsel.

5            All right, I have before me a complaint containing

6   the charges against you in this case.  It is one count of

7   conspiracy to commit visa fraud.

8            Mr. Cohen, have you received a copy of the

9   complaint?

10           MR. COHEN:  I have, your Honor.  I've reviewed the

11  complaint with Mr. Liu with the aid of a Mandarin

12  interpreter, and we waive its public reading.

13           THE COURT:  Okay, Mr. Liu, do you understand the

14  charges against you?

15           THE DEFENDANT:  Yes.

16           THE COURT:  All right, Mr. Liu, you have the

17  right to a preliminary hearing at which the government will

18  have the burden of showing that there is probable cause to

19  believe that the crime for which you are being charged have

20  been committed and that you were the person who committed

21  it.  At the hearing you or your counsel would be entitled

22  to cross-examine any witnesses and introduce evidence.

23  However, a preliminary hearing will not be held if you are

24  indicted by a grand jury before the date of a preliminary

25  hearing.  I will set the preliminary hearing date at the

1

2   conclusion of these proceedings.

3          I'll hear next from the government as to bail,

4   detention or release.  Is there an agreement regarding

5   release pending trial?

6          MS. GROSSMAN:  Your Honor, the parties have agreed

7   on several proposed conditions for the Court's

8   consideration with the exception of electronic monitoring,

9   as to which there is no agreement.  May I start with the

10  agreed-upon proposed conditions?

11         THE COURT:  Please.

12         MS. GROSSMAN:  First, a $500,000 personal

13  recognizance bond cosigned by two financially responsible

14  persons; second, pretrial supervision as directed; the

15  surrender of all travel documents with no new applications;

16  and travel restricted to the Southern and Eastern Districts

17  of New York, along with the District of New Jersey.  And

18  the government is also requesting electronic monitoring.

19         THE COURT:  Okay, and Mr. Cohen or Ms. Grossman,

20  would you like to tell me where the dispute is regarding

21  electronic monitoring?

22         MR. COHEN:  Sure, your Honor.  Just to finish up

23  with the agreed-upon package would be that Mr. Liu would be

24  released today on his own signature.  The government is

25  already in possession of his passport.  And he would have

1

2   one week to satisfy the cosigner provisions.

3           Your Honor, the dispute is essentially that in our

4 view electronic monitoring is more restrictive than

5 required.  Under the Bail Reform Act, the Court needs to

6 impose the least restrictive conditions.  Mr. Liu is a 57-

7 year-old man who's never been arrested before.  He's worked

8 in the same place for the last 26 years; the last two years

9 he's been in the United States.  He has absolutely zero

10 interest in going and doing anything other than to contest

11 these charges.  The penalties associated with violating the

12 bail-jumping provisions are far worse than the penalties if

13 he was convicted of the underlying offense.  The main

14 purpose for electronic monitoring is to address danger to

15 the community.  If -- there are many other ways that

16 Pretrial is able to keep track of individuals that are less

17 restrictive than electronic monitoring.  For someone of

18 Mr. Liu's background and circumstances, the Court should

19 really have no concern that the agreed-upon conditions,

20 which is a half-a-million-dollar personal recognizance bond

21 cosigned by two financially responsible people would not be

22 sufficient to reasonably assure his appearance in court as

23 required.  Electronic monitoring with a curfew does not

24 significantly add to that in any meaningful way.  And so

25 we'd urge the Court not to impose it because it's not

```
 1                         PROCEEDINGS                     9

 2   necessary.

 3              THE COURT:  Ms. Grossman?

 4              MS. GROSSMAN:  Your Honor, we respectfully submit

 5   that electronic monitoring is necessary here to mitigate

 6   against the risk of flight.  And we disagree with

 7   Mr. Cohen's characterization that its main purpose is to

 8   mitigate against danger.  It does provide a disincentive to

 9   flee, and it is extremely helpful in monitoring a

10   defendant's whereabouts, especially in a case like this

11   where the defendant has virtually no stable ties to the

12   United States.  He has been in this country only two years.

13   He himself acknowledged to Pretrial that all of his

14   collateral ties are in China.  His entire immediate family

15   is in China, parents, sister, child.  He's a lifelong

16   resident of China.

17              If he were to have an opportunity to return to

18   China, he would be permanently beyond the reach of the

19   government and this Court.  And importantly here, the

20   government is alleging that the defendant is a Chinese

21   government employee.  And with the support of the Chinese

22   government and its virtually unlimited resources, were he

23   given an opportunity to flee, he could expect assistance in

24   avoiding prosecution in this case.  And, in the

25   government's view -- you know, unfortunately, defendants
```

PROCEEDINGS                    10

1

2   can and do leave the country, even without a passport, all

3   the time, especially defendants with the kind of

4   international connections that this defendant has.  And so

5   we submit that electronic monitoring is a reasonably

6   tailored condition to mitigate against the risk of flight

7   in this case.

8              THE COURT:  Okay, anything else, Mr. Cohen?

9              MR. COHEN:  No, your Honor.

10             THE COURT:  Now, what's the burden when it comes

11  to risk of flight?

12             MR. COHEN:  It's the government's burden to show

13  by a preponderance of the evidence that a person both is a

14  risk of flight and that these are the least restrictive

15  conditions to address that risk of flight.  So we already

16  have the massive personal recognizance bond and cosigner

17  conditions already that the Court has already agreed to.

18             THE COURT:  All right, but, I mean, a personal

19  recognizance bond where Mr. Liu's assets would be

20  insufficient to satisfy that --

21             MR. COHEN:  Yes.

22             THE COURT:  -- that bond; and if he were to

23  flee, there is -- I mean, I'm just wondering how that

24  operates as a burden, particularly in the time period

25  before the two cosigners are onboard.

| | |
|---|---|
| 1 | PROCEEDINGS 11 |

```
 2          MR. COHEN:  There are -- there are lots of things

 3   that Pretrial can do to keep tabs on someone.  The

 4   electronic monitoring is meant to make sure that someone

 5   is home and not out getting into trouble.  It's not meant

 6   to, in our view at least, doesn't do much in terms of

 7   countering a risk of flight.  I think the government's

 8   arguments about what the Chinese government might do in

 9   the circumstances are fanciful.  You have an individual

10   who's never been arrested who's 57 years old.  It seems

11   that it's not, you know, there's -- I guess you can always

12   conjure up some concern about flight risk, but I don't

13   think it's present here.  But to answer the Court's

14   question, it's the government's burden.  Thank you.

15          MS. GROSSMAN:  Your Honor, unless the Court has

16   questions, I'll rest on my earlier proffer.

17          THE COURT:  Okay, well, I guess maybe I'd like

18   to hear more about the electronic monitoring that the

19   government seeks and how that would mitigate against risk

20   of flight.

21          MS. GROSSMAN:  Well, the electronic monitoring I

22   was envisioning, your Honor, is essentially an ankle

23   bracelet that provides location information about where

24   the defendant is.  And although the defendant --

25          THE COURT:  Wait, but do you mean by GPS
```

| 1 | PROCEEDINGS 12 |
|---|---|

2   monitoring or --

3            MS. GROSSMAN:  GPS monitoring.

4            THE COURT:  -- or are you talking about a

5   bracelet that signals when it's out of range of the home

6   base?

7            MS. GROSSMAN:  I was thinking of GPS monitoring,

8   because we're not asking for home detention here, I think

9   which is one of the reasons it is reasonably tailored.

10  We're not seeking to restrict the defendant's movements

11  more than necessary.  But GPS monitoring, frankly, there

12  aren't other strategies that Pretrial has to keep tabs on

13  someone's whereabouts as effectively.  I mean, that is --

14  it is just an accurate feed of someone's whereabouts.  And

15  no amount of phone calls or communication could possibly

16  approximate that type of knowledge.

17           And respectively [*sic*] we do disagree with defense

18  counsel about the role or sort of the shadow cast by the

19  Chinese government in this case.  The defendant's very

20  first call today was to a member of the Chinese consulate,

21  who he was on a first-name basis with.  And, you know, a

22  consulate is, of course, charged with providing passports

23  and travel documents to its nationals.  And we don't

24  suggest that the defendant will violate the ban on travel

25  applications, but we do point this out to show that he does

1

2  have a close relationship with the Chinese government, with

3  its officials in this country.  And there is -- you know,

4  that comes with access to a lot of support and resources.

5  And I think it would certainly mitigate against the risk of

6  flight for Pretrial to have an accurate feed on his

7  location.

8           THE COURT:  But I guess is there a time delay or

9  does somebody need -- doesn't somebody need to be

10  monitoring the GPS at all times, for example, to ensure

11  that Mr. Liu isn't going to the airport at any particular

12  time?  I mean, isn't that a problem?

13           MS. GROSSMAN:  Is it a problem as to the resources

14  that are required to monitor?

15           THE COURT:  No, it's even -- I mean, how does

16  that mitigate against risk of flight unless you're saying

17  that there's going to be somebody watching the GPS location

18  monitoring 24/7?

19           MS. GROSSMAN:  I don't know that it's 24/7, but my

20  understanding is somebody does monitor it.  It may not be

21  continuous.  But I think just knowing that something is

22  tracking your location and someone may be monitoring it at

23  any moment certainly provides a disincentive.

24           THE COURT:  Okay.  Anything else to add,

25  Mr. Cohen?

| 1 | PROCEEDINGS | 14 |
|---|---|---|

2          MR. COHEN:  No, your Honor.

3          THE COURT:  All right, I'm going to take a brief

4    recess on this.

5          (Brief recess taken.)

6          THE COURT:  All right, we are here in an unusual

7    circumstance where the government has consented to most but

8    not all of the terms of release, and the only one being

9    whether GPS monitoring is appropriate here.  The government

10   asserts that GPS monitoring is the least-restrictive

11   condition necessary to mitigate the risk of Mr. Liu's

12   nonappearance at future court proceedings.  Mr. Cohen,

13   Mr. Liu's counsel, asserts the government has not carried

14   its burden of establishing by a preponderance of the

15   evidence that Mr. Liu is a flight risk without the

16   additional condition of GPS monitoring.

17          I find here that the government has satisfied its

18   burden for the following reasons.  All of Mr. Liu's ties

19   are to China, including several close family members who

20   reside there.  And if he went to China, he would

21   permanently be out of reach of the U.S. authorities.  He

22   has no ties, whether familial, community, property based or

23   financial, to the United States or the Southern District of

24   New York.  His visa expires at the end of October.  The

25   nature of the charged offense, visa fraud, indicates, and

1

2   as was proffered on the record today, ties to the Chinese

3   consulate and Chinese government officials.

4          Accordingly, I am satisfied that electronic

5   monitoring in the form of GPS monitoring is the least-

6   restrictive additional condition that will reasonably

7   assure Mr. Liu's appearance at future court proceedings.

8   This finding is without prejudice to a future modification

9   application after the cosigners have been secured on the

10  bond.

11         Accordingly, based on my review of the complaint,

12  the Pretrial Services Report, the agreement of counsel

13  where there was agreement and the arguments on the GPS

14  monitoring piece, Mr. Liu may be released on the following

15  conditions.  He may be released on his own signature, but

16  this would require also the GPS monitoring to be in place

17  before securing the two financially responsible cosigners

18  for the $500,000 personal recognizance bond; travel is

19  restricted to the Southern and Eastern Districts of New

20  York and the District of New Jersey; he is to surrender any

21  travel documents and make no new applications, to the

22  extent that has not been completed; pretrial supervision as

23  directed, with electronic monitoring in the form of GPS

24  monitoring.  Is there anything else that I missed on that

25  list?

```
 1                        PROCEEDINGS                 16

 2              MS. GROSSMAN:  No, your Honor.

 3              MR. COHEN:  Your Honor, just I -- I'm not sure the

 4    Court mentioned it, that Mr. Liu would have a week to

 5    secure the second cosigners?

 6              THE COURT:  Yes.  I'm sorry, yes.  And so the two

 7    financially responsible persons, the cosigners, may be

 8    secured by Monday, September 23.  Okay.  Thank you.

 9              MR. COHEN:  Thank you very much, your Honor.

10              THE COURT:  Mr. Liu, if you fail to appear in

11    court as required or if you violate any of the conditions

12    of your release, one, a warrant will be issued for your

13    arrest; two, you and anyone who signed the bond will each

14    be responsible for paying its full amount, that is,

15    $500,000; and, three, you may be charged with the separate

16    crime of bail jumping, which can mean additional jail time

17    and/or a fine.

18              In addition, if you commit a new offense while you

19    are released, in addition to the sentence prescribed for

20    that offense, you will be sentenced to an additional term

21    of imprisonment of not more than ten years if the offense

22    is a felony or not more than one year if the offense is a

23    misdemeanor.  This term of imprisonment would be executed

24    after any other sentence of imprisonment is completed.

25              While you are awaiting trial I also must warn you
```

1

2  not to have any contact with or engage in any intimidation

3  of potential or designated witnesses or jurors, not to

4  engage in any intimidation of any court officer, and not to

5  engage in any conduct that would obstruct any investigation

6  by law enforcement.

7           And, finally, if you don't agree with my decision

8  on the electronic monitoring, you have a right to appeal

9  it.

10          What date should I set for the preliminary

11 hearing?

12          MR. COHEN:  We'd waive to the 30th day, your

13 Honor.

14          THE COURT:  Okay, that would be October 16, 2019.

15          Anything further?

16          MS. GROSSMAN:  No, your Honor.  Thank you.

17          MR. COHEN:  No.  Thank you very much, your Honor.

18          THE COURT:  Okay.  Thank you very much.

19          PRETRIAL SERVICES:  Your Honor, if I may, from

20 Pretrial Services?  Just so that we're on the same page,

21 it's my understanding that stand-alone GPS (indiscernible

22 at 20:10).

23          MS. GROSSMAN:  Yes, that is my understanding, as

24 well.

25          THE COURT:  Okay, I think that's agreed that's

PROCEEDINGS                    18

1

2  the understanding of everybody here.

3          PRETRIAL SERVICES:  Exactly, your Honor.  The

4  location monitoring ankle bracelet (indiscernible at 22:21)

5  Pretrial Services.  Therefore, Pretrial (indiscernible at

6  20:30).

7          THE COURT:  Okay.  All right.  So ordered.

8          MR. COHEN:  Thank you, your Honor.

9          THE COURT:  All right.  Thank you.

10          MS. GROSSMAN:  Thank you, your Honor.

11          THE COURT:  Any medical-needs orders that need to

12  be signed?

13          MR. COHEN:  No.  He's going to be released on his

14  own signature now.

15          THE COURT:  No, because the bracelet can't be

16  fitted until tomorrow morning.

17          MR. COHEN:  Oh, sorry, your Honor.  No, the Court

18  need not -- Mr. Liu does not need to be incarcerated

19  tonight in order to assure his appearance tomorrow.  He is

20  going to be -- he'll cosign his bond; the government has

21  his passport.  He'll be back tomorrow morning.  He can

22  report at 10:00 AM to have the ankle bracelet put on at

23  that time.  It's not necessary that he be detained.

24  It's --

25          THE COURT:  Why don't I take a brief, five-

```
 1                          PROCEEDINGS                    19

 2   minute adjournment to see if you can work something out

 3   and see what can be worked out, okay?

 4              (Brief recess taken.)

 5              THE COURT:  All right, please be seated.

 6              Okay, do we have a report?

 7              MS. GROSSMAN:  Yes, your Honor.  The parties have

 8   agreed that the defendant may be released on his own

 9   signature tonight but must report tomorrow morning to

10   Pretrial in order to have the GPS monitoring implemented.

11              THE COURT:  Okay.  All right, I accept the

12   agreement.

13              Is there anything else we do need to do today?

14              MS. GROSSMAN:  No, your Honor.  Thank you.

15              MR. COHEN:  No.  Thank you very much, your Honor.

16              THE COURT:  Okay, should I put 10:00 AM or

17   another time for appearing tomorrow?

18              MR. COHEN:  No, 10:00 AM is fine.  Thank you.

19              THE COURT:  Okay.  All right.  Thank you.  We're

20   adjourned.

21              (Whereupon, the matter is recessed.)

22

23

24

25
```

20

C E R T I F I C A T E

     I, Carole Ludwig, certify that the foregoing
transcript of proceedings in the case of United States of
America v. Liu, Zhongsan, Docket #19-mj-08641-UA All
Defendants, was prepared using digital transcription
software and is a true and accurate record of the
proceedings.




*Carole Ludwig*

          Signature_____

                    Carole Ludwig



          Date:    September 30, 2019