# SHER TREMONTE LLP

January 23, 2025

**BY ECF**

The Honorable Kiyo A. Matsumoto
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *United States v. An, et al.,* 22 Cr. 460 (KAM)

Dear Judge Matsumoto:

We write on behalf of our clients, Guangyang An and Quanzhong An, defendants in the above-captioned case, in connection with Your Honor's January 21, 2025 Order and Ms. An's and Mr. An's sentencings, which are currently scheduled for February 13, 2025 and February 14, 2025, respectively. For the reasons set forth below, we respectfully request that the Court adjourn Ms. An's and Mr. An's sentencings until the week of March 17, 2025, and adjust the briefing schedule as set forth in more detail below. This is the parties' second request for a sentencing adjournment.

As the Court identified in its January 21, 2025 Order, the parties have factual and legal disputes regarding the allegations underlying Counts 7, 8, and 9 of the Superseding Indictment—charges to which Ms. An and Mr. An have neither pleaded guilty nor been convicted of following trial. Specifically, it appears that the government will ask the Court to find that Ms. An and Mr. An are culpable for the conduct charged in those counts, *i.e.*, conspiracies to commit interstate harassment, money laundering, and bank fraud—conduct which is distinct from, and significantly more serious than, the offenses to which both have pleaded guilty. This is particularly true for Ms. An, who pled guilty to visa fraud; indeed, the parties agree that her guidelines are 0-6 months, and the government has promised not to ask for a sentence above the guidelines or take any position as to where within the guidelines range her sentence should fall.

In an effort to avoid a complicated evidentiary hearing, the parties have been conferring to narrow the scope of the disputed issues and determine whether any remaining disputes can be resolved on the papers or whether a hearing with live witness testimony is necessary. In order to provide the parties with additional time to confer, and because it ultimately will remain the government's decision as to what facts it will ask the Court to consider and how it will prove such facts, *see United States v. Fatico*, 603 F.2d 1053 (2d Cir. 1979), Mr. and Ms. An respectfully request that the Court adjourn the current sentencing submission deadlines and adopt a briefing schedule in which the government files first. While it is our hope that any disputed issues can be resolved without the need for live testimony, much depends on the ultimate position taken by the government in its submission. Accordingly, we respectfully request that the Court direct the following

schedule: (1) government's sentencing submission, with all exhibits in support of its position, due on Tuesday, February 11, 2025; and (2) defendants' sentencing submissions due on Tuesday, February 25, 2025. Counsel for Mr. and Ms. An will advise the Court no later than February 25, the deadline for their submissions, whether they intend to present live testimony to rebut the government's position or whether the Court can proceed on the submissions. Because the next date on which all parties are available is the week of March 17, the parties respectfully request that both sentencings be adjourned from February 13 and 14 until the week of March 17, 2025.

Should the Court prefer to maintain the original order of submissions with the defense filing first, we would propose the following schedule: (1) defendants' sentencing submissions due February 7, 2025; (2) government's sentencing submissions due February 18, 2025; and (3) defendants' reply submissions due February 25, 2025. Under this briefing schedule, as well, counsel for Mr. and Ms. An would advise the Court of whether an evidentiary hearing is needed no later than February 25, 2025.

The government objects to filing first but otherwise joins in the request to adjourn the sentencings to the week of March 17, and to adjust the briefing schedule (with the defense filing first) accordingly.

We appreciate the Court's consideration.

Respectfully submitted,

*/s/ Justine A. Harris*
Justine A. Harris
Alison Moe
Katie Renzler

*Attorneys for Guangyang An*


*/s/ Benjamin Brafman*
Benjamin Brafman
Jacob Kaplan

*Attorneys for Quanzhong An*


cc: All parties (by ECF)