UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

− − − − − − − − − − − − − − − − X

UNITED STATES OF AMERICA

- against -

QUANZHONG AN,

Defendant.

− − − − − − − − − − − − − − − − X

PRELIMINARY ORDER OF FORFEITURE

22-CR-460 (S-1) (KAM)

WHEREAS, on or about May 24, 2024, Quanzhong An (the "defendant"), entered a plea of guilty to the offense charged in Count Two of the above-captioned Superseding Indictment, charging a violation of 18 U.S.C. § 951; and

WHEREAS, as part of his acceptance of responsibility, pursuant to 18 U.S.C. §§ 981(a)(1)(A), 981(a)(1)(C) and 982(a)(1), the defendant has consented to the entry of a forfeiture money judgment in the amount of three million seven hundred twenty-three thousand nine hundred eighty-two dollars and zero cents ($3,723,982.00) (the "Forfeiture Money Judgment"), in addition to the forfeiture of all right, title, and interest in the following assets (collectively, the "Seized Assets"):

(i) one one-ounce Royal Canadian fine gold bar seized from 117 Barnyard Lane, Roslyn Heights, New York 11577 (hereinafter "the residence of Quanzhong An"), which is currently valued at approximately $2,751.34;

(ii) approximately $686.72 in U.S. currency converted from 5,800 Hong Kong dollars, seized from the residence of Quanzhong An;

(iii) approximately $180.20 in U.S. currency converted from 150 British pounds, seized from the residence of Quanzhong An;

(iv) approximately $177.94 in U.S. currency converted from 1,400 Chinese yuan, seized from the residence of Quanzhong An;

(v)      approximately $156,780.00 in United States currency seized from the residence of Quanzhong An, and all proceeds traceable thereto;

(vi)     approximately $84,275.59 seized from Bank of America account number ending in 0567, held in the name of Guangyang An, and all proceeds traceable thereto;

(vii)    approximately $50,094.94 seized from Citibank account number ending in 8570, held in the name of Yuanyuan Yuan, and all proceeds traceable thereto;

(viii)   approximately $4,079.82 seized from Citibank account number ending in 7558, held in the name of Yuanyuan Yuan, and all proceeds traceable thereto;

(ix)     approximately $135,109.74 seized from Flushing Bank account number ending in 2892, held in the name of The Leavitt Street LLC, and all proceeds traceable thereto;

(x)      approximately $45,813.77 seized from Cathay Bank account number ending in 2899, held in the name of Quanzhong An, and all proceeds traceable thereto;

(xi)     approximately $388,379.24 seized from Cathay Bank account number ending in 2816, held in the name of Guangyang An, and all proceeds traceable thereto;

(xii)    approximately $15,794.00 seized from Cathay Bank account number ending in 6286, held in the name of Ann Justice Holdings LLC, and all proceeds traceable thereto;

(xiii)   approximately $892,181.08 seized from Cathay Bank account number ending in 2686, held in the name of Justice Avenue Tower LLC, and all proceeds traceable thereto; and

(xiv)    approximately $1,002,336.89 seized from Cathay Bank account number ending in 3368, held in the name of Yuanyuan Yuan, and all proceeds traceable thereto,

along with making a payment of at least $945,340.73 towards the balance of the Forfeiture

Money Judgment less certain assets (the "Remainder Forfeiture Balance"), as: (a) any

property, real or personal, constituting, or derived from, proceeds obtained directly or

indirectly from schemes that involve bank fraud and/or money laundering; (b) any property

constituting, or derived from, proceeds obtained directly or indirectly from schemes that involve bank fraud; (c) any property, real or personal, involved in the defendant's scheme that involves money laundering, or any property traceable to such property; and/or (d) substitute assets, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1); and

WHEREAS, the defendant represents that he is the sole and beneficiary owner of the Seized Assets, with a total current value of $2,778,641.27, and the funds paid towards the Remainder Forfeiture Balance, in the amount of at least $945,340.73.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent, by and between the United States and the defendant as follows:

1.    Pursuant to 18 U.S.C. §§ 981(a)(1)(A), 981(a)(1)(C), 982(a)(1) and 982(b)(1), and 21 U.S.C. § 853(p), the defendant shall forfeit to the United States the full amount of the Forfeiture Money Judgment, the Remainder Forfeiture Balance, and all right, title, and interest in the Seized Assets. The forfeiture of the Seized Assets shall be credited towards the Forfeiture Money Judgment if no third-party claims are filed after publication.

2.    All payments made towards the Forfeiture Money Judgment, namely at least $945,340.73 of the Remainder Forfeiture Balance,shall be made by a money order, or certified and/or official bank check, payable to the U.S. Marshals Service with the criminal docket number noted on the face of the instrument. The defendant shall cause said payment(s) to be sent by overnight mail delivery to the Asset Recovery Section, United States Attorney's Office, Eastern District of New York, 271-A Cadman Plaza East, Brooklyn, New York 11201. The Remainder Forfeiture Balance shall be paid in full by the defendant's sentencing (the "Due Date").

3.      Upon entry of this Preliminary Order of Forfeiture ("Preliminary Order"), the United States Attorney General or her designee is authorized to seize the Seized Assets, to conduct any proper discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c), and to commence any applicable proceedings to comply with statutes governing third-party rights, including giving notice of this Preliminary Order.

4.      The United States shall publish notice of this Preliminary Order in accordance with the custom and practice in this district on the government website www.forfeiture.gov, of its intent to dispose of the Seized Assets in such a manner as the Attorney General or her designee may direct.  The United States may, to the extent practicable, provide direct written notice to any person known or alleged to have an interest in the Seized Assets as a substitute for published notice as to those persons so notified.

5.      Any person, other than the defendant, asserting a legal interest in the Seized Assets may, within thirty (30) days of the final publication of notice or receipt of notice or no later than sixty (60) days after the first day of publication on an official government website, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the Seized Assets, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6).  Any petition filed in response to the notice of forfeiture of the Seized Assets must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

6.      The defendant shall not file or interpose any claim or petition seeking remission or contesting the forfeiture of the Seized Assets or any property against which the United States seeks to enforce the Forfeiture Money Judgment and the Remainder Forfeiture Balance in any administrative or judicial (civil or criminal) proceeding.  The defendant shall fully assist the government in effectuating the surrender and forfeiture of the Seized Assets and the payment of the Forfeiture Money Judgment and the Remainder Forfeiture Balance to the United States.  The defendant shall take whatever steps are necessary to ensure that clear title to the Seized Assets passes to the United States, including, but not limited to, the execution of any and all documents necessary to effectuate the surrender and forfeiture of the Seized Assets to the United States.  Further, if any third party files a claim to the Seized Assets, the defendant will assist the government in defending such claims.  If the Seized Assets or Forfeiture Money Judgment, or any portion thereof, are not forfeited to the United States, the United States may seek to enforce this Preliminary Order against any other assets of the defendant up to the value of the Seized Assets, and the outstanding balance of the Forfeiture Money Judgment, pursuant to 21 U.S.C. § 853(p).

7.      The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the monies and/or properties forfeited hereunder, including notice set forth in an indictment or information or administrative notice.  In addition, the defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of said monies and/or properties, and waives all constitutional, legal and equitable defenses to the forfeiture of said monies and/or properties, including, but not limited to, any defenses based on principles of double jeopardy, the *Ex Post Facto* clause of

the Constitution, any applicable statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

8.      Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Preliminary Order shall become final as to the defendant at the time of the defendant's sentencing and shall be made part of the defendant's sentence and included in his judgment of conviction.  If no third party files a timely claim, this Preliminary Order, together with Supplemental Orders of Forfeiture, if any, shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).  At that time, the monies and/or properties forfeited herein shall be forfeited to the United States for disposition in accordance with the law.

9.      The United States alone shall hold title to the monies paid by the defendant to satisfy the Forfeiture Money Judgment following the Court's entry of the judgment of conviction.  The United States alone shall hold title to the Seized Assets following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) .

10.     The forfeiture of the Seized Assets and entry and payment of the Forfeiture Money Judgment shall not be considered a payment of a fine, penalty, restitution loss amount, or payment of any income taxes that may be due, and shall survive bankruptcy.

11.     This Preliminary Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

12.     This Preliminary Order shall be binding only upon the Court's "so ordering" of the order.

13.     The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Preliminary Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

14.     The Clerk of the Court is directed to send, by inter-office mail, three (3) certified copies of this executed Order to the United States Attorney's Office, Eastern District of New York, Attn: Beth Glorioso, FSA Supervisory Paralegal, 610 Federal Plaza, Central Islip, New York 11722.

Dated:   Brooklyn, New York
_____, 2025

SO ORDERED:


_____
HONORABLE KIYO A. MATSUMOTO
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK